CLERKS OFFICE U.S. DIST. COURT
LYNCHBURG, VA
FILED
January 14, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ B. McAbee
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BRIAN JEFFREY HALL, JR., <br><br> *Plaintiff*, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC/CAPITAL ONE, <br><br> *Defendants*. | CASE NO. 6:25-CV-00071 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

In this Fair Credit Reporting Act ("FCRA") and Fair Debt Collections Practices Act ("FDCPA") case, Capital One, N.A. ("Capital One") has moved to dismiss the complaint. Dkt. 19. Capital One argues that *pro se* Plaintiff Brian Hall ("Hall") failed to plead sufficient factual allegations to survive a motion to dismiss. Dkt. 20 at 1. Capital One's motion will be granted. Moreover, because Hall's claims against defendant Portfolio Recovery Associates, LLC ("PRA") are identical to those brought against Capital One, the Court will dismiss the case in its entirety and deny all pending motions as moot.[1]

I.   **Background**

Due to Hall's *pro se* status, the Court will consider the allegations in all his pending filings and motions. Hall's amended complaint alleges that PRA "reported and collected on a charged-off Capital One account" after it had been disputed and verified as inaccurate. Dkt. 6 at 2. According

---

[1] Hall does not distinguish between defendants PRA and Capital One; instead, he brings this case against "Portfolio Recovery Associates/Capital One." Dkt. 6 at 1. However, because PRA and Capital One are distinct legal entities, the Court will treat them as co-defendants for purposes of its analysis. Although PRA has not independently moved to dismiss the complaint, the Court will dismiss the complaint as to both defendants pursuant to 28 U.S.C. § 1915(e). ("[T]he court shall dismiss the case at any time if the court determines that . . . [it] fails to state a claim.").

to Hall, he disputed the inaccurate information through Experian and filed a complaint with the Consumer Financial Protection Bureau ("CFPB"). *Id.* He asserts that, after receiving notice of the disputes, "Defendant(s) failed to conduct a reasonable investigation" and continued to report the inaccurate information. *Id.* As a result, he suffered "emotional distress, anxiety, and mental anguish." *Id.*

Relying on various provisions of the FCRA, Hall raises several violations of the Act: (i) "failure to conduct a reasonable reinvestigation" in violation of 15 U.S.C. § 1681s-2(b); (ii) a willful violation of 15 U.S.C. §§ 1681n; and (iii) a negligent violation of 15 U.S.C. §§ 1681o. Dkt. 6 at 2. He also asserts a single violation of the FDCPA: the use of "false, deceptive, or misleading representations . . . to collect or report the alleged debt," in violation of 15 U.S.C. §§ 1692e, f. Dkt. 1 at 3.

## II.     Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), with all its allegations taken as true and all reasonable inferences drawn in the plaintiff's favor. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). A court need not, however, "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (quotation marks omitted).

## III.    Discussion

As an initial matter, Hall is proceeding *pro se* and the Court must construe his amended complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even with the required liberal construction, his amended complaint fails to state a claim.

### A. The Fair Credit Reporting Act

15 U.S.C. § 1681n, o, and s-2(b) apply to "a person[2] who furnishes information to any consumer reporting agency." 15 U.S.C. § 1681s-2(a)(6)(B). Hall alleges that defendants PRA and Capital One "are entities engaged in furnishing or reporting consumer credit information." Dkt. 6 ¶ 4. Therefore, the Court will analyze these claims against PRA and Capital One.

The FCRA prohibits a person from providing inaccurate information "relating to a consumer to any consumer reporting agency [("CRA")] if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s–2(a)(1)(A). The FCRA also requires those who "regularly . . . furnish[ ] information to . . . consumer reporting agencies" to correct and update information provided to CRAs so that the information is "complete and accurate." *Id.* § 1681s–2(a)(2). Further, the statute requires a "creditor who has been notified by a [CRA] that a consumer has disputed information furnished by that creditor" to investigate the dispute, "'report the results of the investigation to the consumer reporting agency,'" and, if any information was inaccurate, report the investigation's results to the other CRAs. *See Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 429–30 (4th Cir. 2004) (quoting 15 U.S.C. § 1681s–2(b)).

Here, Capital One argues that Hall's amended complaint fails to allege that a CRA notified either defendant of a dispute. Dkt. 20 at 5. Hall's amended complaint merely asserts that PRA reported and collected on a charged-off Capital One account and that he disputed the inaccurate information through Experian. Dkt. 6 ¶¶ 5, 6. The amended complaint, however, is silent as to

---

[2] A "person" is defined as any "individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a.

Experian's communications with PRA or Capital One. In order to trigger a furnisher's duty to investigate, it must *first* be notified by a CRA that a consumer has disputed information. *Johnson*, 357 F.3d at 429. Because Hall has not alleged that a CRA notified PRA or Capital One of the alleged disputes, he does not plead sufficient factual allegations to state a claim under 1681s-2(b).

As to Hall's other FCRA allegations against PRA and Capital One, 15 U.S.C. §§ 1681o and 1681n simply state private causes of action "for those damaged by violations of the statute." *See Sloane v. Equifax Info. Servs.*, 510 F.3d 495, 500 (4th Cir. 2007). Because Hall has not pled sufficient factual allegations to establish a FCRA violation against PRA or Capital One, these claims must also be dismissed.

### B. The Fair Debt Collection Practices Act

Hall additionally alleges violations of the FDCPA against PRA and Capital One.[3] Dkt. 1 at 3; The FDCPA was enacted to curb "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Importantly, it only applies to communications sent in connection with the collection of a debt. *See id.* § 1692e (prohibiting false, deceptive, or misleading representations "in connection with the collection of any debt"); *id.* § 1692f (prohibiting unfair or unconscionable means "to collect or attempt to collect any debt").

Although there is no bright-line rule, "[d]etermining whether a communication constitutes an attempt to collect a debt is a commonsense inquiry that evaluates the nature of the parties' relationship, the [objective] purpose and context of the communication [ ], and whether the communication includes a demand for payment." *In re Dubois*, 834 F.3d 522, 527 (4th Cir. 2016) (citing *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010)). Generally, communications do not implicate the FDCPA if they are: (1) for "informational purposes only,"

---

[3] Hall raises this cause of action but includes the phrase "if applicable" in parenthesis. Dkt. 1 at 3. Construing his complaint liberally, the Court will analyze this claim.

(2) "non-threatening," or (3) contain "clear and unequivocal disclaimers" that they are not attempting to collect debt under certain circumstances. *See Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308, 311 (4th Cir. 2016) (unpublished).

Capital One asserts that Hall "has not alleged . . . that Capital One is a debt collector under the FDCPA." Dkt. 20 at 4. The Court agrees, and the same is true for PRA. Hall has not alleged any facts that would allow this Court to infer that PRA or Capital One were debt collectors, that they made "false, deceptive or misleading representations" as a means of debt collection, or that they used "unfair or unconscionable means" to collect the debt. *E.g.*, *Koontz v. SN Servicing Corp.*, 133 F.4th 320, 327 (4th Cir. 2025) (detailing the types of allegations that are sufficient to state an FDCPA claim). He further provides no details about whether he received a direct communication from PRA or Capital One, and if so, what that communication said. Accordingly, the Court will deny Hall's FDCPA claim.

### IV.     Conclusion

For the foregoing reasons, Hall's amended complaint will be dismissed.

A separate Order will follow.

Entered this <u>14th</u> day of January, 2026.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

5